IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNATHAN B. RUDEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:13-CV-351 |
| | § | |
| SERVICE CORPORATION | § | |
| INTERNATIONAL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendants Service Corporation International and SCI Texas Funeral Services, Inc. DBA Memory Gardens Funeral Home filed a motion to strike Plaintiff's jury demand.  D.E. 53.  Defendants concede that Plaintiff timely requested a jury trial.  *Id.*, p. 1, ¶ 1.  Plaintiff responded and opposes Defendants' motion.  D.E. 55.  After considering, the motion, the response, the evidence and the arguments of counsel, the Court denies Defendants' motion.

Plaintiff Jonathan Rudel (Rudel) signed a document entitled Principles of Employment in 1999, after an SCI entity bought his prior employer.  D.E. 53-2, 39-1 (affidavit Rudel).  The document states in part, "In order to ensure equitable and cost-effective resolution of these matters, *employment related disputes will be resolved by arbitration*, in accordance with the following procedures."  D.E. 53-2, p. 2 (emphasis added).  As part of the agreement, there is a "**NOTICE TO EMPLOYEE**" that states,

> BY SIGNING THIS AGREEMENT, YOU ARE AGREEING TO HAVE ANY AND ALL DISPUTES BETWEEN YOU AND YOUR COMPANY EXCEPT THOSE SPECIFICALLY EXCLUDED IN SECTION 2 ABOVE) DECIDED BY BINDING ARBITRATION AND YOU ARE WAIVING YOUR RIGHT TO A JURY OR COURT TRIAL.

*Id.* (emphasis in original).

Defendants do not seek to enforce the arbitration agreement.  Instead,

1 / 2

Case 2:13-cv-00351   Document 58   Filed in TXSD on 04/15/15   Page 2 of 2

Defendants argue that the arbitration agreement also constitutes a waiver of a trial by jury, separate and apart from the arbitration clause.

Defendants rely upon *Montalvo v. Aerotek, Inc.*, 5:13-CV-997, 2014 WL 668041 W.D. Tex. Nov. 14, 2014) to support their position.  In *Montalvo*, the district court enforced a jury waiver that read, "By executing this agreement, the parties hereto knowingly and willingly waive any right they have under applicable law to a trial by jury in any dispute arising out of or in any way related to this agreement or the issues raised by any such dispute." *Id.*, at \*13-14.

Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right can be waived by the prior written agreement of the parties.  *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848-49 (1986).  A jury trial waiver must be made knowingly and voluntarily, and courts will indulge every reasonable presumption against finding a waiver. *Id.* at 848.

Unlike the jury waiver found enforceable in Montalvo, the plain language of the contractual provision in this case waives both a jury and a court trial in favor of arbitration.  D.E. 53-2 ("YOU ARE WAIVING YOUR RIGHT TO A JURY OR COURT TRIAL").  Defendants do not seek arbitration, but only to proceed to a bench trial.  The Court finds that the contractual agreement does not constitute a separate jury trial waiver.

Accordingly, the Court DENIES Defendants' motion (D.E. 53) to strike Plaintiff's jury demand.

It is so **ORDERED**.

Dated this 15th day of April, 2015.

_____
Hilda Tagle
Senior United States District Judge

2 / 2